In the Matter of Leigia R. MALDONADO–ROSALES, Respondent.

No. 49S00–0712–DI–586.

Supreme Court of Indiana.

April 9, 2009.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUM- STANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** *Count I.* Respondent agreed to represent Client I on a contingent basis in a personal injury case. Respondent received an insurance company settlement check dated May 6, 2005, for $4,397.76. She deposited the check in her trust account, but later withdrew $4,300, which she deposited in her operating account and spent for personal purchases.

After additional transactions, both her trust and operating accounts became overdrawn. On June 23, 2005, she caused a check for $2,902.00 on her operating account to be issued to Client I for his share of the settlement. At the time, neither account had sufficient funds to cover the check. Respondent knowingly lied to Client I and to the Commission about the delay in disbursing the settlement proceeds, stating she needed to wait for the insurance check to clear.

*Count II.* In May 2001, Respondent was hired by Client II to represent him in asserting a personal injury claim. Respondent made a settlement demand without the client's knowledge, to which she received no response. On May 13 or 14, 2003, at Respondent's request, Client II hand-delivered a check for $107 to Respondent's office for a filing fee. Respondent, however, failed to filed a complaint before the statute of limitation expired on May 16, 2003. She wrote Client II a letter and returned his check on June 1, stating she had not received the funds or sufficient information to file a timely complaint.

*Count III.* In December 2004, Client III hired to Respondent for a fixed fee of $500 to represent him in a civil collection action seeking damages of about $8,000. Respondent failed to assist Client III in responding to discovery requests, to respond to the plaintiff's motion for summary judgment, to notify Client III when summary judgment was entered against him, to notify Client III of a hearing set in proceedings supplemental, and to appear at a reset hearing. Respondent charged Client III an additional $500 to file an unsuccessful motion to set aside the judgment.

*Count IV.* Client IV entered into a contract with a photographer to photograph and videotape her wedding, paying $150 of the $900 contract price, with the balance to

be paid after services were rendered. The photographer failed to show up. In January 2006, Client IV hired Respondent for a flat fee of $1,500 to sue the photographer. Respondent told Client IV she could recover up to 80 percent of the $25,000 cost of the wedding. The defendant did not respond to the complaint, but Respondent took no action to pursue the case. Respondent did not respond to Client IV's attempts to contact her. Client IV terminated Respondent's representation and requested return of the $1,500. Respondent agreed to withdraw her appearance, but did not. The case was dismissed for want of prosecution in July 2008. Respondent refused to refund any part of the $1,500 fee.

During the time period at issue, Respondent was dealing with substantial personal and emotional problems.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

*Count I.* Ind. Professional Conduct Rules:

1.5(c): Failure to provide a client with a written settlement statement at the conclusion of a contingent fee agreement matter.

1.15(a): Failure to hold property of a client in trust and separate from lawyer's own property.

8.1(a): Knowingly making a false statement of material fact to the Disciplinary Commission in connection with a disciplinary matter.

8.1(b): Knowingly failing to respond to a lawful demand for information (documentation regarding her trust fund account) from the Disciplinary Commission.

8.4(b): Criminal act-conversion.

8.4(c): Engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

*Count II though IV.* Ind. Professional Conduct Rules:

1.1: Failure to provide competent representation.

1.3: Failure to act with reasonable diligence and promptness.

1.4(a)(1): Failure to promptly inform the client of any decision or circumstance with respect to which the client's informed consent is required.

1.4(a)(3): Failure to keep the client reasonably informed about the status of a matter.

1.4(a)(4): Failure to comply promptly with reasonable requests for information.

1.4(b): Failure to explain matter to extent reasonably necessary to permit a client to make informed decisions.

1.5(a): Charging an unreasonable fee.

1.16(d): Failure to protect a client's interests upon termination of representation.

**Discipline:** The parties agree the appropriate sanction is suspension from practice for at least two years. The Court, having considered the submissions of the parties, now APPROVES and ORDERS the agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of at least two years, without automatic reinstatement, beginning May 22, 2009.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of that period, Respondent may petition this Court for

reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, any hearing officer appointed in this case is discharged.

All Justices concur.